IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| John Tarr, | : | Case No. 3:12 CV 1090 |
|     Plaintiff | : | |
| v. | : | |
| | : | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | : | **AND ORDER** |
|     Defendant | : | |

**I. INTRODUCTION**

On July 26, 2012, the parties consented to the jurisdiction of the undersigned Magistrate Judge for any and all further proceedings in this case, including trial and the entry of a final judgment, pursuant to 28 U.S.C. § 636(c)(1) (Docket No. 14). Pending are Plaintiff John Tarr's ("Plaintiff") Motion for Attorneys' Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(a) (Docket No. 23) and Defendant Commissioner's ("Defendant" or "Commissioner") Response (Docket No. 24). For the reasons set forth below, Plaintiff's Motion for Attorneys' Fees is granted.

**II. PROCEDURAL BACKGROUND**

On March 15, 2005, Plaintiff filed an application for a period of Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 416(i) and 423 (Docket

1

No. 12, pp. 72-74 of 530). In his application, Plaintiff alleged a period of disability beginning June 1, 2003 (Docket No. 12, p. 72 of 530). Plaintiff's claim was denied initially on May 23, 2005 (Docket No. 12, pp. 62-64 of 530), and upon reconsideration on September 22, 2005 (Docket No. 12, pp. 40-42 of 530). Plaintiff thereafter filed a timely written request for a hearing on September 30, 2005 (Docket No. 12, p. 38 of 530).

On December 17, 2007, Plaintiff appeared with counsel for a hearing before Administrative Law Judge Dennis R. Greene ("ALJ Greene") (Docket No. 12, pp. 367-416 of 530). Also appearing at the hearing were medical experts Dr. Walter Miller ("Dr. Miller") (Docket No. 12, pp. 393-95 of 530) and Dr. Kathleen O'Brien ("Dr. O'Brien") (Docket No. 12, pp. 395-404 of 530), and an impartial Vocational Expert ("VE") (Docket No. 12, pp. 404-14 of 530). ALJ Greene found Plaintiff to have a severe combination of tinnitus, hearing loss, and depression with an onset date of June 1, 2003 (Docket No. 12, p. 16 of 530). Despite these limitations, ALJ Greene determined, based on all the evidence presented, that Plaintiff had not been disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date of his decision (Docket No. 12, p. 20 of 530). Plaintiff's request for benefits was therefore denied (Docket No. 12, p. 20 of 530).

Plaintiff timely filed his Complaint seeking judicial review of the Commissioner's decision denying benefits (Docket No. 1). On April 3, 2013, the undersigned Magistrate ordered the matter be reversed and remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) (Docket No. 21). The Magistrate ordered the Commissioner to consider the medical source opinions of Plaintiff's treating physicians and articulate the weight accorded to this evidence (Docket No. 21).

On July 15, 2013, Plaintiff filed a Motion for Attorneys' Fees (Docket No. 23). Defendant filed its Response on that same day (Docket No. 24).

### III. EAJA STANDARD FOR AWARDING FEES

A judgment for costs may be awarded to a prevailing party in any civil action brought by or against the United States, or any agency or official thereof. 28 U.S.C. § 2412(a)(1). Such costs may include various court and filing fees. 28 U.S.C. § 2412(a)(1)-(2). A prevailing party may also be eligible to receive reasonable expenses and fees of his attorneys. 28 U.S.C. § 2412(b). The United States, or any agency or official thereof, shall be liable for such expenses and fees "to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award." 28 U.S.C. § 2412(b).

Within thirty days of a final judgment, a party seeking an award of fees and expenses shall submit to the court an application for such fees and expenses that shows satisfaction of four requirements: (1) the party is a prevailing party; (2) the party is eligible to receive an award under 28 U.S.C.A. § 2412(b); (3) the position of the United States was not substantially justified; and (4) an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. 28 U.S.C. § 2412(d)(1)(B).

### IV. ANALYSIS

Plaintiff contends: (1) he is a prevailing party; (2) he is eligible to receive EAJA fees; (3) the position of the government in denying his DIB was not substantially justified; and (4) the record has been properly supplemented with the basis for attorney fee calculations (Docket No.

3

23). Plaintiff seeks an award of attorney fees totaling $2,843.83 (Docket No. 23). Defendant has no objection (Docket No. 24).

### A. THE PREVAILING PARTY

Plaintiff contends he is a prevailing party for purposes of the EAJA requirements because he succeeded in obtaining a remand to the Commissioner for further consideration (Docket No. 23). Plaintiff is correct (Docket No. 21). A Social Security claimant who obtains a remand order pursuant to sentence four of 42 U.S.C. § 405(g) is a prevailing party for purposes of the EAJA. *Olive v. Commissioner of Social Security*, 534 F.Supp.2d 756, 758 (N.D. Ohio 2008) (*citing Shalala v. Schaefer*, 509 U.S. 292 (1993)). Defendant does not dispute Plaintiff's prevailing party status (Docket No. 24).

### B. ELIGIBILITY FOR AN AWARD

For the second requirement, the moving party must be eligible to receive the award of attorneys' fees and/or expenses. The statute defines "eligible party" as "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B).

Although not specifically stated, by filing his Motion for Attorney Fees, Plaintiff asserts he is an individual whose net worth did not exceed $2,000,000 at the time his civil action was filed (Docket No. 23). Plaintiff last worked at Ford Motor Company as a prototype technician (Docket No. 12, pp. 372-76 of 530). Prior to that, Plaintiff worked at the Dana Corporation testing automobile parts, and for Tolson and Kelly Homes as an independent contractor (Docket No. 12, pp. 372-76 of 530). Given these circumstances, it is improbable Plaintiff's net worth

exceeded $2,000,000 at the time of filing. Defendant does not contest the issue of Plaintiff's net worth (Docket No. 24). The Magistrate concludes Plaintiff is therefore eligible for the award.

**C.     SUBSTANTIAL JUSTIFICATION**

What determines "substantial justification" is based on a wide variety of factual contexts and legal issues. Essentially, the standard is one of reasonableness, making the pertinent inquiry whether the United States presented a reasonable position based in both law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The government bears the burden of establishing that the position of the United States is substantially justified. *Olive*, 534 F.Supp.2d at 758. The government's position is substantially justified "if it is 'justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person.'" *Id*. (*citing Pierce*, 487 U.S. at 565). In the alternative, the government may also attempt to prove that "special circumstances make an award unjust." *Olive*, 534 F.Supp.2d at 758.

Attorneys' fees should not be awarded simply because the government lost the case on the merits. *Id*. (*citing Brouwers v. Bowen*, 823 F.2d 273, 275 (8th Cir. 1987)). A court must be careful to maintain the distinction between a lack of substantial *evidence*, which results in a remand to the Commissioner, and a lack of substantial *justification*, which results in an award of attorneys' fees. *Olive*, 534 F.Supp.2d at 758 (emphasis added). The government's position "'can be justified even though it is not correct.'" *Id*. at 759.

Plaintiff alleges Defendant was not substantially justified in its denial of benefits (Docket No. 23, pp. 2-3 of 8). Specifically, Plaintiff claims that ALJ Greene did not provide "good reasons" for rejecting the opinion of Plaintiff's treating physicians and failed to properly include

in his decision the elements required by Social Security regulations (Docket No. 23, p. 3 of 8). According to Plaintiff, without this analysis, the Commissioner's findings and conclusion were neither applicable nor supported by substantial evidence (Docket No. 23, p. 3 of 8). Defendant does not contest Plaintiff's allegations (Docket No. 24). Therefore, this Magistrate finds that the Commissioner's findings and conclusions were not substantially justified.

### D.    THE BASIS FOR THE AWARD

Plaintiff argues he is entitled to attorneys' fees totaling $2,843.83, representing 17.1 hours of work (Docket No. 23). This amount includes 14.8 hours of work by Plaintiff's attorneys Kirk B. Roose and Mary T. Meadows, at the rate of $184.38 per hour (Docket No. 23, Attachment 1), and 2.3 hours of work done by Appellate Assistant Diane J. Shriver ("Ms. Shriver") at the rate of $50 per hour (Docket No. 23, Attachment 2). Defendant does not contest this amount (Docket No. 24).

#### 1.    COMPENSABLE HOURLY RATE

Once a court concludes attorneys' fees should be awarded under the EAJA, the Court must determine if the fee itself is reasonable. 28 U.S.C. § 2412(d)(2)(A). The burden of proof for this reasonableness determination falls on the party seeking the award. *Granzeier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1999) (*citing Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Counsel for the prevailing party should make a good faith effort to exclude hours that are excessive, redundant, or otherwise unnecessary from the fee request. *Perry v. Comm'r of Soc. Sec.*, 2011 U.S. Dist. LEXIS 152285, *10 (N.D. Ohio 2011). "Hours may be cut for duplication, padding or frivolous claims." *Id*. The court must identify those hours, beyond the allowances for duplicative services, and articulate the reasons for their elimination from hours of service

adequately documented. *Id*. at *10-11. Under the EAJA, "an award of fees for preparation of the fee application is compensable." *See Seymore v. Sec'y of Health & Human Servs.*, 738 F.Supp. 235 (N.D. Ohio 1990).

Upon review of the itemized statement of services provided by Plaintiff's counsel, this Magistrate determines the request for fees is adequately documented. Counsel claims that they, along with Ms. Shriver, have spent 17.1 hours in their representation of Plaintiff (Docket No. 23, Attachments 1 and 2). Counsel made a good faith effort to be clear and succinct in their pleadings. There is neither padding nor the assertion of frivolous claims. There are no excessive, redundant, or unnecessary hours included in the schedule of services. The Magistrate therefore finds the total compensable hours in this case to be 17.1.

### 2. HOURLY RATES

According to 28 U.S.C. § 2412(d)(2)(A), the amount of fees awarded shall be based upon prevailing market rates for the kind and quality of services furnished. The EAJA bases attorneys' fees on the market rate, but also caps the hourly rate at $125 per hour, unless an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). In the Sixth Circuit, it is well established that the EAJA allows for a cost-of-living adjustment based upon increases in the Consumer Price Index ("CPI"). *Begley v. Sec'y of Health & Human Serv.*, 966 F.2d 196, 199 (6th Cir. 1992). In requesting such an increase, plaintiffs "bear the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec*., 578 F.3d 443, 450 (6th Cir. 2009). To satisfy this burden, a plaintiff must "produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably

comparable skill, experience, and reputation." *Id*. A decision to apply such an adjustment is left to the discretion of the district court. *Begley*, 966 F.2d at 199.

Plaintiff's counsel seeks an enhanced hourly rate for their services according to the cost of living increase noted in the CPI (Docket No. 23). In support of his argument, attorney Roose avers that he has managed a law firm that has represented Social Security claimants since 1990 (Docket No. 23, Attachment 7, p. 1 of 2). He is also a member of, and has presented seminars for, the National Organization of Social Security Claimants' Representatives ("NOSSCR") (Docket No. 23, Attachment 12, p. 1 of 3). In support of her argument, attorney Meadows notes that she has represented Social Security claimants since 1985 (Docket No. 23, Attachment 12, p. 2 of 3), and has made presentations on Social Security claims to the Toledo Bar Association (Docket No. 23, Attachment 12, p. 2 of 3). For her participation in Plaintiff's case, Ms. Shriver reports that she has worked as an Appellate Assistant in Social Security disability law since 1999 (Docket No. 23, Attachment 12, p. 3 of 3).

In addition to their own information, Plaintiff's counsel also cites to the 2011 Survey of Law Firm Economics (Docket No. 23, Attachment 9), and a 2010 profile of hourly billing rates of Ohio attorneys sponsored by the Ohio State Bar Association, which reveals the mean billing rate for small-firm attorneys to be $210 per hour (Docket No. 23, Attachment 8). For attorneys in Northeast Ohio, where counsel is primarily located[1], the mean billing rate is $178 per hour (Docket No. 23, Attachment 8). For attorneys with more than twenty-five years of experience, the mean billing rate is $229 per hour (Docket No. 23, Attachment 8). Counsel also provided the CPI for All Urban Consumers as of June 24, 2012 (Docket No. 23, Attachment 11), and

---

[1] Counsel also has an office in downtown Toledo, Ohio.

employment information reported by the Bureau of Labor Statistics for the Cleveland-Elyria-Mentor areas of Ohio (Docket No. 23, Attachment 10).

To more thoroughly explain the local legal market, Plaintiff's counsel offers affidavits from three Social Security practitioners: Dianne R. Newman, Marcia Margolius, and Bradley J. Davis (Docket No. 23, Attachments 4-6). Each attorney averred that the prevailing rate for Social Security attorneys in Northeast Ohio exceeds the statutory limit of $125[2] (Docket No. 23, Attachments 4-6).

Plaintiff's counsel seeks an hourly rate of $184.38 for their services and $50 for the services of Ms. Shriver (Docket No. 23). Defendant does not object (Docket No. 24). Based on the evidence and documentation provided by Plaintiff's counsel, this Magistrate is persuaded that counsel's skill level could not be obtained at the statutory level of $125 per hour and special factors warrant a fee enhancement. Therefore, this Magistrate finds Plaintiff has established entitlement to an award of fees totaling $2,843.83.

### 3. TOTAL AWARD

In the present case, Plaintiff is entitled to an award of attorney fees in the amount of $2,843.83, representing his total award. Counsel notes that Plaintiff has assigned the right to be paid these fees to his attorneys (Docket No. 23; Docket No. 23, Attachment 14). Defendant objects to this direct payment, citing the United States Supreme Court's holding in *Astrue v. Ratliff* (130 S.Ct 2521 (2010)). In *Astrue*, the Court held that fees awarded under the EAJA are payable directly to the litigant in order to potentially satisfy any pre-existing debt that the litigant

---

[2] In her affidavit, Ms. Newman makes reference to attorney Kirk Roose as well as attorney Eric Schnaufer (Docket No. 23, Attachment 4, p. 1 of 2).

may owe to the United States. 130 S.Ct at 2524. This Magistrate would agree that any award of attorneys' fees be made directly to Plaintiff.

However, both parties have agreed that, in the event the Social Security Administration can verify Plaintiff owes no pre-existing debt, an award of attorneys' fees may be made directly to counsel pursuant to Plaintiff's fee agreement (Docket Nos. 23 and 24).

## V. CONCLUSION

For these reasons, the Magistrate grants Plaintiff's Motion for Attorney Fees in the amount of $2,843.83. In the event that the Social Security Administration can verify that Plaintiff owes no pre-existing debt, this award shall be made directly to Plaintiff's counsel. **IT IS SO ORDERED**.

/s/ Vernelis K. Armstrong
United States Magistrate Judge

Date: September 4, 2013