**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| John Tarr, | : | Case No. 3:12 CV 01090 |
| Plaintiff, | : | |
| v. | : | |
| Commissioner of Social Security, | : | **MEMORANDUM DECISION AND ORDER** |
| Defendant. | : | |

### I. INTRODUCTION

On July 26, 2012, the parties consented to the jurisdiction of the undersigned Magistrate for any and all proceedings in this case pursuant to 28 U.S.C. § 636(c)(1) (Docket No. 14). Pending before the Magistrate is Plaintiff's Motion for Allowance of Attorney Fees Under Social Security Act (Act) (Docket No. 17). Defendant did not oppose Plaintiff's Motion on the merits. For the reasons set forth below, Plaintiff's Motion for Attorneys' Fees is granted.

### II. PRIOR PROCEEDINGS IN CASE NO. 3:08 CV 3039.

Plaintiff's application for a period of disability beginning June 1, 2003 and Disability Insurance Benefits (DIB) under Title II of the Social Security Act (Act), 42 U.S.C. §§ 416(i) and 423, was denied initially and upon reconsideration. After hearing on December 17, 2007, at which Plaintiff, represented by counsel, medical experts and a vocational expert all appeared and testified, the Administrative Law Judge (ALJ), Dennis R. Greene, determined that Plaintiff was not disabled within the meaning of the Act at any time from the alleged onset date through the date of his decision and therefore, Plaintiff's

request for benefits was denied. Plaintiff, acting *pro se*, pursued judicial review of the denial of benefits and on October 8, 2009, Judge Jack Zouhary approved the parties' Joint Stipulation to Remand to the Commissioner pursuant to the fourth sentence of Section 205(g) of the Social Security Act (Act), 42 405(g) (Case No. 3:08 CV 3039**,** Docket No. 18). On October 9, 2009, Judge Zouhary approved a stipulation and order awarding attorney fees in the amount of $2,096.94 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, directly to Plaintiff's counsel, Mary Meadows (Case No. 3:08 CV 3039**,** Docket No. 20). This docket was terminated and the case closed on October 8, 2009.

### III. BACKGROUND OF THIS CASE.

A new hearing was held on remand on June 3, 2010, and ALJ Deirdre Horton denied Plaintiff benefits in a decision dated August 25, 2010 (Docket No. 17, p. 3 of 22). The Appeals council declined to accept jurisdiction on March 1, 2012, making ALJ Horton's decision the final decision of the Commissioner (Docket No. 17, p. 4 of 22). Plaintiff timely filed a Complaint in this Court seeking judicial review of the Commissioner's decision denying benefits (Docket No. 1). On April 3, 2013, the undersigned Magistrate ordered that the matter be reversed and remanded to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), to articulate the weight attributed to Plaintiff's treating physicians (Docket No. 21). On remand, Plaintiff was awarded disability benefits and past-due benefits. The matter is now before the Court on the unopposed Motion for Attorney Fees under 42 U.S.C. § 406(b).

### IV. THE ISSUE.

In the second appeal, the case was remanded for further proceedings, including reconsideration of the medical source opinions of Plaintiff's treating physicians and the incorporation of such evidence in articulating disability. The second appeal resulted in the Commissioner's reversal of the finding "not

disabled" and a remand for an award and calculation of monthly benefits beginning in February 2008. Plaintiff was awarded past due benefits totaling $133,862.90 to Plaintiff and $42,325.75 to his minor daughter, subject to retention of 25% by the Social Security Administration (SSA) for payment of fees to their representatives (Docket No. 27, Exhibit 3). SSA retained $32,994.00 from past-due benefits for a possible attorney fee request.

To date, Plaintiff's prior representative Stephen Koder has been paid $6,952.50. Plaintiff's current counsel, Kirk Roose and Mary Meadows have been paid $10,000 for agency-level services performed and $2,096.94 and $2,843.83 for court-level services through the EAJA (Docket No. 27, p. 2 of 8, ¶ 3). Counsel Kirk Roose and Mary Meadows seek an award of attorney fees totaling $16,041.50, for work performed in this Court pursuant to 42 U. S.C. § 406(b).

## V. THE LAW.

There are two statutes that govern the award of attorney fees in Social Security cases–the EAJA, a statute designed to eliminate the financial disincentive to challenge unreasonable governmental actions through fee-shifting and Section 406 fees which deal with representation in administrative and judicial review procedures. Unlike the EAJA, 42 U.S.C. § 406(b) does not authorize the prevailing party to recover fees from the losing party. *Gisbrecht v. Barnhart*, 122 S.Ct. 1817, 1822 (2002). Rather, it authorizes fees payable from the successful party's recovery. *Id.* Section 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. *Id*. Rather, Section 406(b) provides that whenever a court renders a judgment favorable to a claimant who was represented before it, the court may allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." *Bowman v. Colvin*, 2014 WL 1304914, *2

(N.D.Ohio 2014). Congress has harmonized fees payable by the Government under EAJA with fees payable under Section 406(b) out of the claimant's past-due Social Security benefits in a manner such that fee awards may be made under both provisions, but the claimant's attorney must refund to the claimant the amount of the smaller fee. *Id.*

Using 25% of the past due benefits as a benchmark, the court operates as an "independent check" on the reasonableness of contingency arrangements. *Gisbrecht , supra*. The court should give close attention to the agreement between attorney and client. *Rodriguez v. Bowen,* 865 F.2d 739,746 (6th Cir. 1990). When two parties enter into such an arm's length agreement, due deference should be given to this expression of the intentions of the parties. *Id.* If the agreement states that the attorney will be paid twenty-five percent of the benefits awarded, it should be given the weight ordinarily accorded a rebuttable presumption. *Id.* The court should keep in mind that an attorney may receive the full 25% contingency fee under contract unless the attorney engaged in improper conduct or was ineffective, or the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort. *Bowman v. Colvin,* 2014 WL 1304914, *2 (N.D.Ohio 2014) (*citing Arnold v. Astrue,* 2011 WL 307969 (N.D. Ohio 2011) *report and recommendation adopted,* 2011 WL 305006 (*citing Hayes v. Secretary of Health and Human Services*, 923 F.2d 418, 419 (6th Cir.1990); *Rodriguez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989)).

## VI. ANALYSIS.

As a starting point, Plaintiff refers the Court to the "SOCIAL SECURITY: FEE AND EXPENSE AGREEMENT (CONTINGENT)" which was executed by Plaintiff on September 16, 2010 (Docket No. 27, Exhibit 1). The terms of the agreement include a promise to pay counsel 25% of past due benefits if the case went to federal court and that the fees would be reduced by any fees paid for services in the agency proceeding. Due deference is given to such agreement, particularly in light of Plaintiff's letter

4

in support of the award of attorney fees and Defendant's failure to advance an argument to challenge the validity of the agreement.

According the contingency fee agreement the weight of a rebuttable presumption, the Magistrate first examines whether there was improper conduct or ineffectiveness of counsel. Defendant advances no argument that counsels' representation was improper or substandard. In *Lewis v. Secretary of Health and Human Services*, 707 F.2d 246, 249-250 (6th Cir.1983)*,* the Sixth Circuit established a paradigm for substandard representation, citing to the poor quality of legal representation that was ultimately pivotal in reducing the twenty-five percent attorney fee award. *Id.* at 250–251. Mr. Lewis' counsel did not prepare for the hearing, review new evidence prior to the hearing, familiarize himself with the exhibits in the record or familiarize himself with the regulations governing the case. Moreover, he failed to supplement the ALJ's interrogation and gave over the entire examination of his client to the ALJ. *Id.* at 248.

Here, when testing the contingent fee agreement for reasonableness and conducting the "independent check" suggested by *Gisbrecht*, the Magistrate has not found instances of improper conduct or substandard representation. Nothing in the litany of professional responsibility requirements persuades the Magistrate that the performance of either Ms. Meadows or Mr. Roose was improper or substandard. Counsel's pleadings filed with this Court were of good quality, well-researched, concise in explaining the issues relevant to Plaintiff's claim and ultimately successful in obtaining remand. Accounting for the success achieved, the Magistrate takes into consideration counsel's expertise, experience and reputation in this area of law and in this geographic location. The Magistrate cannot ignore that Mary Meadows worked on this case for at least five years, risking never obtaining compensation for her work. Nevertheless, Ms. Meadows skillfully expended the time necessary to obtain substantial results without unnecessary delay.

Since there is no evidence of substandard performance or improper conduct, no reduction is warranted in this case for compliance with the first factor. Consequently, unless the amount requested constitutes a windfall, the Court will enforce the contingency agreement.

Calculating an hourly rate from the fee is one method of determining whether the attorney would enjoy a windfall because of either inordinately large benefit award or from minimal effort expended. *Bowman*, *supra,* 2014 WL 1304914, at *3 (*citing Hayes v. Secretary of Health and Human Services*, 923 F.2d 418, 422 (6th Cir. 1990) (*quoting Rodriquez, supra,* 865 F.2d at 746)). The *Hayes* court found that a "hypothetical [hourly] rate that is less than twice the standard rate is *per se* reasonable." *Id.* However, the court stressed that double the usual hourly rate is the "floor," not the ceiling. *Id*. ("A calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the *Rodriquez* analysis. It provides a floor, below which a district court has no basis for questioning, under the second part of Rodriquez's windfall rule for 'minimal effort expended,' the reasonableness of the fee.")[1]. While an amount in excess of this floor (but below the statutory ceiling) "may well be reasonable," when the calculated hourly rate is above this floor, then the court may consider arguments designed to rebut the presumed reasonableness of the attorney's fees including but not limited to consideration of what proportion of the hours worked constituted attorney time as opposed to clerical or paralegal time and the degree of difficulty of the case. *Id.* Factors such as these are critical to determining whether the attorney enjoyed a windfall because he or she extended minimal effort. *Id.*

---

[1] The "*Rodriquez* analysis" is as follows:
[I]f the agreement states that the attorney will be paid twenty-five percent of the benefits awarded, it should be given the weight ordinarily accorded a rebuttable presumption. The court should give close attention to the agreement between attorney and client. In the event the court chooses not to give effect to the terms of the agreement, it should state for the record the deductions being made and the reasons therefore.

(*quoting Rodriquez*, 865 F.2d at 746).

Here, Plaintiff seeks $16,041.50 under Section 406(b). Counsel spent 27 attorney hours on the case in district court. Kirk Roose expended 2.2 hours and his usual hourly rate is $300. Mary Meadows performed 24.8 hours of service and her usual hourly rate is $250. As calculated in *Hayes,* the "floor" is $13,720 or 2.2 hours multiplied by 300 and 24.8 hours multiplied by 250 and then doubled. In terms of the hourly rate, the *Hayes* floor is about $508 per hour. This hypothetical hourly rate is well below the reasonable floor, therefore triggering the rebuttable presumption of reasonableness because the amount which is requested falls somewhere in between the statutory ceiling (25% of awarded past-due benefits) and the *Hayes* floor (double counsel's usual hourly rate). Consequently, the Magistrate is not persuaded that awarding the requested fee would constitute an undeserved windfall.

Accordingly, the Magistrate finds that Plaintiff's counsel should be awarded fees of $16,041.50 under Section 406(b). Because counsel obtained concurrent fees under EAJA and the Act, counsel is ordered to pay Plaintiff the smaller EAJA fees.

**IT IS SO ORDERED.**

                                        /s/Vernelis K. Armstrong
                                        Vernelis K. Armstrong

Date:  November 25, 2014